IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SABRINA F. SWOPES, ) | |
| AIS #162731, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:09-CV-461-ID |
| ) | [WO] |
| CYNTHIA WHEELER-WHITE, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is pending before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Sabrina F. Swopes ["Swopes"], a state inmate, on May 14, 2009.[1] In this habeas petition, Swopes challenges the constitutionality of a sentence imposed upon her on July 29, 2005 by the Circuit Court of Madison County, Alabama for second degree robbery. Swopes also alleges she received ineffective assistance of counsel during the proceedings related to her robbery conviction. In addition, Swopes seeks an additional award of time-served credit towards this sentence and requests amendment of her sentence regarding waiver of fines and restitution.

---

[1] Although the Clerk of this court stamped the present petition "received" on May 20, 2009, Swopes certified she placed the petition in the prison mail system on May 14, 2009. *Petition for Writ of Habeas Corpus - Court Doc. No. 1* at 15. The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day" Swopes certified she undertook such action. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers May 14, 2009 as the date of filing.

## DISCUSSION

This court "in the exercise of its discretion and in furtherance of justice" may transfer an application for writ of habeas corpus to "the district court for the district within which the State court was held which convicted" the petitioner. 28 U.S.C. § 2241(d). Initially, Swopes alleges the sentence imposed upon her by the Circuit Court of Madison County, Alabama for second degree robbery is inconsistent with other defendants. *Petition for Writ of Habeas Corpus - Court Doc. No. 1* at 5. Swopes next contends counsel provided ineffective assistance during the state court proceedings regarding her robbery conviction. *Id.* at 7. Swopes also seeks amendment/waiver of the fines and restitution ordered by the trial court. *Id.* at 8. Moreover, Swopes alleges the amount of credit awarded to her by the Circuit Court of Madison County, Alabama towards service of the robbery sentence is incorrect. Specifically, Swopes requests that the trial court be required to award her additional credit towards her sentence "for her time that she ... was on bond" awaiting trial and the time she served on probation. *Id.* at 14. Madison County is located within the jurisdiction of the United States District Court for the Northern District of Alabama. In light of the foregoing, the court concludes that transfer of this case to such other court for review and disposition is appropriate.[2]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case

---

[2] In transferring the instant case, this court makes no determination regarding the merits of the petitioner's claims for relief nor whether the petitioner has exhausted available state court remedies prior to filing a federal habeas petition as required by 28 U.S.C.§ 2244(b)(1)(A).

be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 2241(d). It is further

ORDERED that **on or before June 4, 2009** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 22nd day of May, 2009.

                                           /s/Charles S. Coody
                                      CHARLES S. COODY
                                      UNITED STATES MAGISTRATE JUDGE